United States Court of Appeals,

Eleventh Circuit.

No. 95-4374.

Julio N. PUENTES, Carlos Sardina, Raul J. Paredes, Plaintiffs,

Sergio A. Balsinde, Lazaro O. Ginart, Plaintiffs-Counter-Defendants-Appellants,

v.

UNITED PARCEL SERVICE INCORPORATED, Defendant-Counter-Claimant-Appellee.

June 20, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 94-250-CIV-UUB), Ursula Ungaro-Benages, Judge.

Before CARNES and BARKETT, Circuit Judges, and DYER, Senior Circuit Judge.

CARNES, Circuit Judge:

The plaintiffs, Lazaro Ginart and Sergio Balsinde, were terminated from their employment with the defendant, United Parcel Service, Inc. ("UPS"), after working for the company for fourteen and fifteen years, respectively. At the time of their terminations, both plaintiffs were offered substantial severance packages and the ability to "resign for personal reasons," on the condition that they execute unambiguous releases waiving all employment discrimination claims arising out of their terminations.[1] Both plaintiffs executed the releases.

Thereafter, the plaintiffs filed this lawsuit against UPS alleging that they were unlawfully terminated as a result of

---

[1]The plaintiffs do not contest that the release unambiguously provides for a waiver of employment discrimination claims.

employment discrimination "on the basis of national origin and/or race," as part of UPS's ongoing pattern of terminating management-level Hispanic employees and replacing them with non-Hispanics.  UPS moved for summary judgment, asserting that the plaintiffs' claims were barred because each had knowingly and voluntarily executed documents releasing UPS from liability for all such claims.  The district court granted summary judgment on that basis and certified its judgment pursuant to Rule 54(b). [2]  The plaintiffs appeal from that summary judgment.  Because there is a question of material fact regarding whether the plaintiffs were given adequate time to review the releases before executing them, we reverse the judgment of the district court.

## DISCUSSION

In reviewing the district court's grant of summary judgment, this Court must independently apply the same legal standards that control the district court.  *Thrasher v. State Farm Fire and Cas. Co.,* 734 F.2d 637, 638 (11th Cir.1984).  In doing this, we review the record and the district court's legal conclusions *de novo.*  We must determine whether disputed issues of fact exist, but we cannot resolve factual disputes.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 1505, 1510-11, 91 L.Ed.2d 202 (1986).  All evidence submitted must be viewed in a light most favorable to the plaintiffs, who oppose the motion.  *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct.

---

[2]Certification was necessary because another plaintiff was involved in the suit, but not addressed in the summary judgment, and because the plaintiffs also presented claims for slander, which had not been ruled upon by the district court and which are not relevant to this appeal.

1348, 1356, 89 L.Ed.2d 538 (1986).

When an employee knowingly and voluntarily releases an employer from liability for Title VII and § 1981 claims with a full understanding of the terms of the agreement, he is bound by that agreement. *E.g., Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 52 & n. 15, 94 S.Ct. 1011, 1021 & n. 15, 39 L.Ed.2d 147 (1974); *Freeman v. Motor Convoy, Inc.,* 700 F.2d 1339, 1352 (11th Cir.1983). However, the waiver of such remedial rights must be closely scrutinized. *Freeman,* 700 F.2d at 1352; *see also Coventry v. United States Steel Corp.,* 856 F.2d 514, 522-23 (3d Cir.1988) ("In light of the strong policy concerns to eradicate discrimination in employment, a review of the totality of the circumstances, considerate of the particular individual who has executed the release, is also necessary.").

In determining whether a release was knowingly and voluntarily executed, courts look to the totality of the circumstances. Factors that guide a court include:

> the plaintiff's education and business experience; the amount of time the plaintiff considered the agreement before signing it; the clarity of the agreement; the plaintiff's opportunity to consult with an attorney; the employer's encouragement or discouragement of consultation with an attorney; and the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled.

*Beadle v. City of Tampa,* 42 F.3d 633, 635 (11th Cir.), *cert. denied* --- U.S. ----, 115 S.Ct. 2600, 132 L.Ed.2d 846 (1995); *see also Gormin v. Brown-Forman Corp.,* 963 F.2d 323, 327 (11th Cir.1992).

The plaintiffs do not seriously contest that they each had sufficient business experience to evaluate the releases they were asked to sign, nor do they contest the clarity of the release

language. Moreover, we agree with the district court that the consideration given in exchange for the waiver exceeds the benefits to which the plaintiffs were already entitled. That leaves as the plaintiffs' principal assertions that they were not given adequate time to consider the agreement, and that they were not given a fair opportunity to consult an attorney.

There is no bright-line test for determining what is a sufficient amount of time for an employee to consider a release and consult with an attorney before the employee is considered to have signed the release knowingly and voluntarily. *See Carroll v. Primerica Fin. Servs. Ins. Mktg.,* 811 F.Supp. 1558, 1566 (N.D.Ga.1992) (holding that "there is a question as to whether Holt was given three full days or less than one day to sign her release," and that "[i]f she was given only one, then there is indeed a genuine issue as to whether she was given sufficient time"); *E.E.O.C. v. American Express Publishing. Corp.,* 681 F.Supp. 216, 220 (S.D.N.Y.1988) (finding that "[t]hree days, while not conclusive as to involuntariness, is sufficiently short to create a question on the subject [for summary judgment purposes]"); *Constant v. Continental Tel. Co.,* 745 F.Supp. 1374, 1382 (C.D.Ill.1990) (finding that time period between the Friday upon which the employee received the release form and the Tuesday by which he was required to sign it was adequate time, in light of fact that during that "relatively short time," the employee was able to obtain legal advice with which he was apparently satisfied); *Mullen v. New Jersey Steel Corp.,* 733 F.Supp. 1534, 1544-45 (D.N.J.1990) (finding that employee's signing of release

was knowing and voluntary when he had fourteen days to consider the release); *Pears v. Spang,* 718 F.Supp. 441, 446 (W.D.Pa.1989) (finding that the fact that the employee signed the release within "several days" did not make her signing unknowing or involuntary, in light of fact that the employer had not set a deadline by which the employee was required to sign the release). However, the cases seem to indicate, and we conclude, that absent some reason for urgency, twenty-four hours is too short a period.

In this case, plaintiffs have given sworn testimony that they were only given twenty-four hours to decide whether to sign the releases, and that they understood that the offer would not be valid longer than that. UPS denies that it imposed a twenty-four hour time limitation upon the plaintiffs, but that is an issue to be decided by a jury. Plaintiff Ginart testified in his deposition that Saunders, the UPS manager terminating him, said, "I will give you 24 hours to make your decision and I will be waiting for your call as to whether or not you are going to be signing the release form or not." Saunders testified to the contrary, that he placed no time limit on Ginart, that he did not schedule another meeting or set any deadline when he and Ginart concluded their first discussion of the severance package, and that Ginart took all initiative to call him up the following morning to say that he had decided to sign the release form.

Likewise, Plaintiff Balsinde testified that Stevens, the UPS manager terminating him, told him to contact him the following morning to let him know whether he would sign the release form. Stevens testified that he did tell Balsinde that "if he wanted me

involved with anything with regards to his resignation, that I would be leaving by the end of the next day and that he could call me, but he was free to call us any time that he wanted to call us."

If in fact the plaintiffs were only given twenty-four hours to decide whether to sign the releases, that was insufficient time. It is undisputed that neither plaintiff consulted with an attorney before signing the releases, and a twenty-four hour time limitation would have substantially impeded their ability to do so. Indeed, when pressed at oral argument, UPS's attorney could offer no justification for such a short time period.

Viewing the evidence in the light most favorable to the plaintiffs, as we must, *see Matsushita Electric,* 475 U.S. at 587, 106 S.Ct. at 1356, means that "what we state as "facts' in this opinion for purposes of reviewing the rulings on the summary judgment motions may not be the actual facts. They are however, the facts for present purposes." *Swint v. City of Wadley,* 51 F.3d 988, 992 (11th Cir.1995). With those caveats, what we must consider as the facts for present purposes are that the plaintiffs were given only twenty-four hours to decide whether they would sign the releases and accept the severance packages. Additionally, the plaintiffs had no role in deciding the terms of the releases. None of the terms of the release were negotiated. The plaintiffs were simply handed a printed form. Ginart requested to take a copy of the release form home overnight to think about it, and was told that he could not take the form out of the UPS office, because it was a UPS document and UPS property. There is no good reason why UPS could not provide Ginart a copy of the release form that it was

asking him to voluntarily and knowingly sign. That, like a 24-hour time constraint, could have been motivated by a desire to impede the employee's ability to consult with an attorney.

These factors, particularly when inferences are drawn in the plaintiffs' favor, as is required on a motion for summary judgement, raise a genuine issue of material fact about whether the plaintiffs voluntarily and knowingly executed the releases. In other words, the evidence in this case is such that a factfinder could find that the plaintiffs did not knowingly and voluntarily execute the releases. Accordingly, that issue may not be resolved by summary judgment. *See* Fed.R.Civ.P. 56.

## CONCLUSION

The judgment of the district court is REVERSED, and the case REMANDED for further proceedings consistent with this opinion.