HILL, Senior Circuit Judge, concurring specially:

I concur with reluctance.

In Part IIA, we conclude that the meaning and consequence of an unambiguous written release are subject to dispute, variance and avoidance because we, acting *in loco parentis*, find the adult parties to the contract in need of our patronage. Although troublesome, we apparently have such a role. *See Puentes v. United Parcel Service, Inc.*, 86 F.3d 196 (11th Cir. 1996).

In Part IIB, we find that Title II of the ADA (the Act) is carefully drafted to obfuscate.[1] Congress could have said "discrimination in employment" if it had wanted to do so. Here, however, it merely forbids the exclusion of qualified individuals "from . . . participat[ing] in or be[ing] denied the benefits of the services, programs or activities of a public entity" by reason of a disability.

The district judge concluded that the Act forbids discrimination *vis-à-vis* the "output of these public entities." *See Bledsoe v. Palm Beach Soil and Water Conservation District,* 942 F.Supp. 1439 (S.D.Fla. 1996). If a constituent is angered by the district judge's interpretation or our holding today, his or her Congressperson

---

[1]The Act resembles the campaign address of a candidate appearing before an audience that was split on a key issue. The candidate observed, "Some of my friends are in favor of this proposition; some of my friends are against it! As for me, I stand four square behind my friends!"

can say "That's not what we passed.  I would *never* have voted for that!  That's just the work of those activist judges."

So be it.  The legislative power is vested in Congress.  By concluding what Congress has done, are we legislating?  I hope not.

With a tip of the hat to the district judge, I reluctantly conclude that the flow of precedent is too strong for him or for us to swim upstream, and I

CONCUR.