**Merry M. WICHMAN, Plaintiff,**

v.

**COUNTY OF VOLUSIA, d/b/a Votran, The County Council Sitting as The East Volusia Transportation Tax District Board d/b/a Votran, McDonald Transit Management d/b/a McDonald Transit Associates d/b/a Votran, and Volusia Transit Management Inc., d/b/a Votran, Defendants.**

**No. 99–821 CIV ORL–19C.**

United States District Court, M.D. Florida.

Jan. 24, 2000.

Gayle S. Graziano, Law Office of Gayle S. Graziano, Daytona Beach, FL, for Merry M. Wichman.

Matthew Guy Minter, Volusia County Legal Dept., Deland, FL, for County of Volusia.

Daniel P. O'Gorman, Ford & Harrison LLP, Orlando, FL, Matthew Guy Minter, Volusia County Legal Dept., Deland, FL, for MacDonald Transit Management.

Daniel P. O'Gorman, Ford & Harrison LLP, Orlando, FL, for Volusia Transit Management, Inc.

## ORDER

FAWSETT, District Judge.

This cause came before the Court on Defendant McDonald Transit Associates, Inc.'s Objection to Magistrate Judge's Report and Recommendation (Doc. No. 34, filed December 22, 1999); Plaintiff Merry Wichman's Response to Defendant McDonald Transit Associates, Inc.'s Objection to Magistrate Judge's Report and Recommendation (Doc. No. 37, filed January 3, 1999); the December 7, 1999 Report and Recommendation of United States Magistrate Judge James G. Glazebrook (Doc. No. 27, filed December 8, 1999); Affidavits and Memorandum of Law in Opposition of [sic] Defendant's Motion to Dismiss (Doc. No. 16, filed October 26, 1999); and Defendant McDonald Transit Associates, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction and Supporting Memorandum of Law (Doc. No. 8, filed August 20, 1999).

## BACKGROUND

Plaintiff Merry Wichman brings this action against the Defendants under the Americans with Disabilities Act ("ADA").

Defendant McDonald Transit Management moves to dismiss the Plaintiff's claim based on lack of subject matter jurisdiction. Specifically, the Defendant asserts that the Court lacks subject matter jurisdiction because the Plaintiff signed a settlement agreement in a worker's compensation suit which stated that she would sign a waiver of her ADA claims.

In his Report and Recommendation, United States Magistrate Judge James G. Glazebrook recommends denying the motion to dismiss. The Defendant objects to the report and recommendation. The Court is required to review de novo those portions of the record and the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

### *ANALYSIS*

■ The Defendant first asserts that the United States Magistrate Judge erred in considering the motion under the standard for a motion for summary judgment. A court is not deprived of subject matter jurisdiction when a party signs a waiver of civil rights claims. *See generally Bledsoe v. Palm Beach County Soil and Water Conservation Dist.,* 133 F.3d 816, 819 (11th Cir.1998); *Puentes v. United Parcel Service, Inc.,* 86 F.3d 196, 198 (11th Cir.1996); *Lockhart v. United States,* 961 F.Supp. 1260, 1267 (N.D.Ind.1997); *see also Bennett v. Coors Brewing Co.,* 189 F.3d 1221, 1227 (10th Cir.1999); *Branker v. Pfizer, Inc.,* 981 F.Supp. 862, 864–68 (S.D.N.Y. 1997). Instead, the question is whether the party states a claim or whether summary judgment should be granted. *See id.* In this case, the parties submitted evidence, a hearing was held, and the parties have argued, in the alternative, using a summary judgment standard. Accordingly, the United States Magistrate Judge did not err in applying a summary judgment standard.

■ The Defendant next asserts that the United States Magistrate Judge erred in examining the "totality of the circumstances" to determine whether the Plain-

tiff's waiver of her ADA claims was knowing and voluntary. The Eleventh Circuit has clearly indicated that such analysis is proper in a case with facts such as the ones involved in the instant case. *See Bledsoe v. Palm Beach County Soil and Water Conservation Dist.,* 133 F.3d 816, 819 (11th Cir.1998). The Defendant argues that the United States Magistrate Judge should have applied a contract law analysis. Such analysis is only appropriate where an attorney settles a matter on an employee's behalf, which did not occur in this case. *See Hayes v. Nat'l Serv. Indus.,* 196 F.3d 1252, 1254 n. 2 (11th Cir.1999). Accordingly, the United States Magistrate Judge was correct in examining the "totality of the circumstances."

The Defendant next asserts that the United States Magistrate Judge erred in not finding as a matter of law that the Plaintiff's waiver was knowing and voluntary. In determining whether a waiver was knowing and voluntary based on a "totality of the circumstances," the following factors are considered:

> the plaintiff's education and business experience; the amount of time the plaintiff considered the agreement before signing it; the clarity of the agreement; the plaintiff's opportunity to consult with an attorney; the employer's encouragement or discouragement of consultation with an attorney; and the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled.

*Bledsoe,* 133 F.3d at 819 (citations omitted). After considering these factors, the United States Magistrate Judge found that an issue of fact existed and summary judgment was not warranted.

■ The Court agrees with the United States Magistrate Judge. The record reflects that the Plaintiff has only limited education, that the Plaintiff only reviewed the settlement agreement for a short period of time, that the agreement lacked clarity as to what ADA claims the Plaintiff was

waiving, that the attorney the Plaintiff consulted did not fully discuss her ADA rights with her, and that the Plaintiff was distraught when she signed the agreement. (Doc. No. 8, Exh. C, Att. 1; Doc. No. 8, Exh. E at 3; Doc. No. 16, Exh. 2; Doc. No. 21 at 8–10). Based on this record, an issue of fact exists as to whether the Plaintiff's waiver of her ADA claims was knowing and voluntary. *Cf. Bledsoe,* 133 F.3d at 820 (finding jury question existed based on "totality of the circumstances" analysis).

### CONCLUSION

Accordingly, Defendant McDonald Transit Associates, Inc.'s Objection to Magistrate Judge's Report and Recommendation (Doc. No. 34) is **OVERRULED.** The December 7, 1999 Report and Recommendation of United States Magistrate Judge James G. Glazebrook (Doc. No. 27) is **AFFIRMED, ADOPTED, and APPROVED** in accordance with this Order. Defendant McDonald Transit Associates, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 8) is **DENIED.**

GLAZEBROOK, United States Magistrate Judge.

### REPORT AND RECOMMENDATION

On November 16, 1999, this cause came on for hearing on defendant MacDonald Transit Management's motion to dismiss plaintiff Merry M. Wichman's complaint for lack of subject-matter jurisdiction, and motion for summary judgment on MacDonald Transit Management's affirmative defense of waiver. Docket No. 8. MacDonald Transit Management's motion should be **DENIED.** The United States District Court has subject-matter jurisdiction over Wichman's sole cause of action, discrimination in violation of the Americans with Disabilities Act [42 U.S.C. § 12101, *et seq.*], and material issues of fact remain for trial as to whether Wichman ever knowingly and voluntarily waived or compromised her ADA rights.

## I. *INTRODUCTION*

On July 1, 1999, plaintiff Merry M. Wichman filed her complaint alleging that defendants the County of Volusia, the County Council and MacDonald Transit Management discriminated against her in her employment on the basis of disability. Docket No. 1. Wichman's single-count complaint alleges violation of Titles I and II of the Americans with Disabilities Act. On August 3, 1999, MacDonald Transit Management filed an answer to Wichman's complaint that asserted twenty affirmative defenses and prayed that the Court dismiss Wichman's action. Docket No. 6. On August 10, 1999, the County of Volusia and the County Council filed an answer to Wichman's complaint. Docket No. 7. On August 20, 1999, MacDonald Transit Management filed a motion captioned "Motion to Dismiss for Lack of Subject Matter Jurisdiction." Docket No. 8. Defendants the County of Volusia and the County Council do not join in this motion.

## II. *THE LAW*

### A. *Motion to Dismiss*

Federal Rule of Civil Procedure 12(b) allows a civil defendant to assert certain defenses to a complaint either in a responsive pleading or in a separate motion, at the defendant's option. Rule 12(b) lists the following possible defenses:

(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19.

Rule 12(b) further provides as follows with respect to the defense of failure of the complaint to state a claim:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall

be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 56(b) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

### 1. *Timing*

When a defendant seeks to file **both** an answer and a motion to dismiss, Rule 12(b) provides as follows regarding the relative timing of the two: "[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted." However, Rule 12(h) provides a separate vehicle by which a defendant may subsequently assert certain of the Rule 12(b) defenses. Rule 12(h)(2) provides as follows:

> A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

Rule 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

### 2. *Motion to Dismiss for Lack of Subject–Matter Jurisdiction*

The district court has subject-matter jurisdiction over cases arising under federal law. 28 U.S.C. § 1331. Wichman's sole cause of action is for a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, a federal law. A defendant may challenge the subject-matter jurisdiction of a federal district court either facially or factually. *R.B. McMaster v. United States*, 177 F.3d 936, 940 (11th Cir.1999), *citing Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990). The two forms of attack differ substantially. *Dunbar*, 919 F.2d at 1529. A facial attack is an attack on the adequacy of the complaint to allege a basis of federal subject-matter jurisdiction. *McMaster*, 177 F.3d at 940. The non-movant is entitled to safeguards similar to those available in opposing a Rule 12(b)(6) motion. *Dunbar*, 919 F.2d at 1529. The reviewing court must take all of the allegations in the complaint as true. *Id.*

A factual attack, by contrast, permits the reviewing court to consider evidence beyond the pleadings, such as testimony and affidavits. *Dunbar*, 919 F.2d at 1529. The non-movant does not enjoy the same safeguards as in the case of a facial attack. *Id.* The reviewing court does not presume the truthfulness of the plaintiff's allegations in the complaint. *Id.* The reviewing court also is not required to view all of the record evidence in the light most favorable to the non-movant. *Id.* Instead, the court is free to review the evidence and satisfy itself as to its power to hear the case. *Id.*

A factual attack may sometimes implicate an element of the plaintiff's cause of action. *Dunbar*, 919 F.2d at 1529. In such circumstances, the proper course is for the court to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case. *Dunbar*, 919 F.2d at 1529, *citing Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). This approach provides a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his or her claim. *Id.* The movant is forced to proceed under Rule 12(b)(6) or Rule 56. *Id.*

### B. *Standard of Review on Summary Judgment*

Summary judgment is appropriate "if the pleadings, depositions, answers to in-

terrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jeffery v. Sarasota White Sox*, 64 F.3d 590, 593–94 (11th Cir.1995); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by showing the Court that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *Id.* When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir.1989); *Samples on Behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir.1988). The Eleventh Circuit has explained the reasonableness standard:

> in deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each

against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*Jeffery v. Sarasota White Sox*, 64 F.3d 590, 594 (11th Cir.1995), quoting *WSB–TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir.1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Augusta Iron and Steel Works v. Employers Insurance of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505. On a summary judgment motion the Court may not weigh the credibility of the parties. *See Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir.1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be presented to the trier of fact. *Id.*

### C. *Waiver of ADA Rights*

■ The Eleventh Circuit, in a case also involving the alleged waiver of ADA rights in a Florida worker's compensation action, discussed the standard by which a reviewing court must assess such a waiver. *See Bledsoe v. Palm Beach County Soil and Water Conservation District*, 133 F.3d 816 (11th Cir.1998), *cert. denied*, 525 U.S. 826,

119 S.Ct. 72, 142 L.Ed.2d 57 (1998). An employee can waive his or her Title VII cause of action as part of a voluntary settlement agreement if the employee's consent to the settlement is voluntary and knowing. *Bledsoe,* 133 F.3d at 819, *citing Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 52 n. 15, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The same principles apply to waiver of rights under Title II of the ADA. *Bledsoe,* 133 F.3d at 819, *citing Rivera–Flores v. Bristol–Myers Squibb Caribbean,* 112 F.3d 9 (1st Cir.1997).[1] The reviewing court must closely scrutinize such a waiver of remedial rights. *Bledsoe,* 133 F.3d at 819, *citing Puentes v. United Parcel Service,* 86 F.3d 196, 198 (11th Cir.1996). The court must consider the totality of the circumstances under which the employee executed the waiver. *Id.* The Eleventh Circuit has identified the following factors as relevant to determining whether the waiver was knowing and voluntary:

> [1] the plaintiff's education and business experience; [2] the amount of time the plaintiff considered the agreement before signing it; [3] the clarity of the agreement; [4] the plaintiff's opportunity to consult with an attorney; [5] the employer's encouragement or discouragement of consultation with an attorney; and [6] the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled.

*Id., citing Beadle v. City of Tampa,* 42 F.3d 633, 635 (11th Cir.1995), *cert. denied,* 515 U.S. 1152, 115 S.Ct. 2600, 132 L.Ed.2d 846 (1995) [the *"Puentes* factors"].

Movant MacDonald Transit Management cites *Riley v. American Family Mutual Insurance Co.,* 881 F.2d 368 (7th Cir. 1989) for the proposition that a release executed pursuant to the advice of independent counsel is presumptively knowing and voluntary. *See.* However, MacDonald

Transit Management does not cite any Eleventh Circuit decision. At least one lower court has refused to grant summary judgment on the issue of waiver where the plaintiff was represented by counsel at the time of the alleged waiver. *See Lobeck v. City of Riviera Beach,* 976 F.Supp. 1460 (S.D.Fla.1997).

In *Lobeck* the Title VII plaintiff police officer did not execute a settlement agreement. However, the defendant argued that several letters (including one written by plaintiff's attorney) and a handwritten note on a grievance form constituted a binding release requiring summary judgment against the plaintiff. The absence of a written agreement did not preclude the existence of a binding settlement agreement. *Lobeck,* 976 F.Supp. at 1464. However, the absence of such a written agreement made it harder for the court to conclude that no genuine issue of material fact existed. *Id.* Although, the evidence of waiver appeared strong, the court concluded that summary judgment was not appropriate in light of the Eleventh Circuit precedents requiring close scrutiny of such waivers. *Id.* at 1465.

### III. *APPLICATION*

Defendant MacDonald Transit Management alleges in its motion to dismiss that Wichman has previously agreed to waive her Americans with Disabilities Act claim. This allegation also forms the basis for several of the affirmative defenses that MacDonald Transit Management asserts in its answer. MacDonald Transit Management submits with its motion a document captioned "Mediation Settlement Agreement." Docket No. 8 at Exhibit D. This document, which appears to be a form document, contains the following paragraph:

> Riscorp/Governmental Risk Ins. Trust agrees to pay Merry Wichman $15,000

---

**1.** *Bledsoe* involved claims only under Title II of the ADA. However, nothing in the decision suggests that the *Bledsoe* court's reasoning should not also apply to claims under Title I

of the ADA. The First Circuit decision cited approvingly by the *Bledsoe* court (*Rivera–Flores v. Bristol–Myers Squibb Caribbean* ) appears to involve a Title I discrimination claim.

plus a $2,250 guideline attorney's fee for Gary Holland, Esq. in exchange for a total washout of both dates of accident as noted above, medicals closed, each party to bear their own costs. Riscorp/Government Risk Ins. Trust agrees to pay, at fee schedule, outstanding bill of Dr. Bennet of $736.70. Merry Wichman agrees to execute an ADA waiver and voluntary resignation effective date of final order approving settlement. Gary Holland agrees to notify JCC that final hearing may be cancelled [sic].

MacDonald Transit Management concedes that Wichman subsequently refused to executed such a waiver. Docket No. 8 at page 3. MacDonald Transit Management also submits a document captioned "Stipulation in Support of Joint Petition for Order Approving a Lump Sum Settlement Under F.S. 440.20(11)(b) (Complete Settlement)." Docket No. 8 at Exhibit E. This document does not contain any provisions regarding waiver of Wichman's ADA claims.

At the hearing on November 16, 1999, defendant MacDonald Transit Management and plaintiff Wichman presented vastly different accounts of the circumstances under which Wichman executed the mediation settlement agreement and the effect of the subsequent stipulation. Both sides rely heavily on record evidence from Wichman's workers' compensation lawyer, Gary Holland. Wichman and MacDonald Transit Management submit competing affidavits by Holland. Docket Nos. 16 at Exhibit A[2] and Docket No. 21 at Exhibit 1. Additionally, MacDonald Transit Management has submitted a transcript of Holland's September 24, 1999 deposition testimony. Docket No. 21 at Exhibit 2.

### A. *Standard of Review*

MacDonald Transit Management characterizes its motion as an attack on the subject matter jurisdiction of the Court.

However, MacDonald Transit Management relies on documents outside of the pleadings. Therefore, its attack is clearly a factual one under *Dunbar*. The Court also finds that MacDonald Transit Management's attack is inextricably intertwined with the merits of the underlying cause of action, inasmuch as settlement and waiver is an affirmative defense that MacDonald Transit Management has asserted. Docket No. 6 (answer). At the hearing on November 16, 1999, MacDonald Transit Management conceded that even if its motion for dismissal were denied, it might nevertheless be able to proceed on its affirmative defense. Therefore, the Court applies a Rule 56 summary judgment analysis.

### B. *Application of the Puentes Factors*

In evaluating whether the alleged waiver by Wichman was knowing and voluntary, the Court considers the six *Puentes* factors. The record evidence submitted by the parties directly addresses three of these six factors: 1.) Wichman's education and business experience; 2.) Wichman's opportunity to consult with her attorney; and 3.) whether Wichman was encouraged or discouraged to consult with her attorney. First, Wichman is a high-school graduate who has previously worked as a driver. Docket No. 8 at Exhibit E, page 3. Second, Wichman had ample opportunity to consult with Holland during the negotiations preceding the execution of the mediation settlement agreement. Third, defendants did not attempt to discourage consultation between Wichman and Holland. Docket No. 21 at Exhibit 2, page 29, lines 6–9. The record evidence does not directly address the amount of time that Wichman considered the mediation settlement agreement before signing it. *Id.* at page 18, lines 11–17. The record evidence also does not address the consideration

---

**2.** Although identified in plaintiff's memorandum as "Exhibit A," this document is not marked as such.

given to Wichman in exchange for her agreement to execute an ADA waiver. The record establishes that Wichman received $17,250 pursuant to her settlement. Docket No. 16 at Exhibit A, ¶ 10. However, the record does not establish whether this was in part consideration for Wichman's agreement to execute an ADA waiver—which she did not do—or solely for waiver of state worker's compensation claims, the only matter in controversy in that case.

The Court finds that the remaining *Puentes* factor—the clarity of the mediation settlement agreement—is most relevant to the present analysis. Specifically, the Court finds that the mediation settlement agreement is not sufficiently clear to justify summary judgment. The plain language of the mediation settlement agreement contemplates the subsequent execution of a separate ADA waiver and voluntary resignation. MacDonald Transit Management concedes that Wichman refused to execute this separate waiver. Docket No. 8 at page 3. Therefore, as in *Lobeck v. City of Riviera Beach*, the Court is faced with a document (the mediation settlement agreement) that, although "probative evidence of the existence of an agreement, . . . does not constitute the agreement itself." *Lobeck*, 976 F.Supp. at 1464. The Court agrees with the *Lobeck* court that although the absence of a written ADA waiver does not foreclose MacDonald Transit Management's waiver argument, it does make it difficult to find that no genuine issue of material fact exists. The Court finds that a genuine issue of fact exists as to whether Wichman's execution of the mediation settlement agreement was knowing and voluntary. This fact is clearly material in light of *Bledsoe*. Therefore, summary judgment is not appropriate.

## IV. CONCLUSION

For the reasons stated above, it is

**RECOMMENDED** that defendant MacDonald Transit Management's Motion for Dismissal [Docket No. 8] be **DENIED.** The Court has federal question subject-matter jurisdiction. A genuine issue of fact remains for trial. Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

Dec. 8, 1999.