Curtis A. TAYLOR, Plaintiff,

v.

CAMILLUS HOUSE, INC., Defendant.

No. 00–3523CIVKING.

United States District Court,
S.D. Florida,
Miami Division.

July 12, 2001.

Paul Capua, Miami, FL, for Plaintiff.

James C. Polkinghorn, Ft Lauderdale, FL, for Defendant.

## ORDER GRANTING FINAL SUMMARY JUDGMENT

KING, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment filed May 7, 2001. Plaintiff filed a Response on June 15, 2001. Defendant filed a Reply on July 5, 2001.

### I. Background

Plaintiff Curtis A. Taylor initiated this two-count action on September 20, 2000 alleging racial discrimination by Defendant Camillus House, Inc. in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.2000e *et. seq* and of 42 U.S.C. § 1981. Plaintiff was employed by Defendant as housing manager from May 1998 to April 1999. Plaintiff also worked from 1990 to 1994 for Defendant until he resigned. On or about April 9, 1999, Plaintiff was involved in a physical alteration with a client. Plaintiff admitted that he hit the client with his fist after the client "swung at [him]". (Dep. of Curtis A. Taylor, at A29.) Plaintiff further admits that he grabbed the client and tackled him to the ground. (*Id.*) According to Plaintiff, the client first hit Mr. Gerry Coleman, the facility manager. Plaintiff suffered injuries to his hand as a result of hitting and falling to the ground with the client. On April 23, 1999, Plaintiff had surgery on his hand. Plaintiff was terminated by Defendant on April 19, 1999.

On July 14, 1999, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination by Defendant in his termination. During the same time, Plaintiff, represented by an attorney, pursued his workers' compensation claim. (*Id.* at A47.) On or about February 4, 2000, Plaintiff and Defendant entered into a Stipulation in Support of Joint Petition for Order Approving A Lump–Sum Settlement Under F.S. 440.20(11)(b)(1994)(the "Settlement Agreement") in which the parties settled his workers' compensation case. When Plaintiff entered into the Settlement Agreement, he knew that he had claims pending before the EEOC. The Settlement Agreement was approved by Judge Judith S. Nelson on March 17, 2000. The Settlement Agreement contains a release provision in paragraph 12. In relevant part, the release provision states that:

> As further consideration for such payment, the Employee/Claimant agrees and does hereby release, discharge, and surrender any and all claims, whether or not asserted, against the Employer, Camillus House, Inc., or its Servicing Agent, or any of their officers, agents, servants, employees, directors, successors, assigns, and any other person or entity so connected to the Employer, Self–Insurers Fund and/or Servicing Agent, of any nature whatsoever, without any limitation thereof.

(*See* Def. Mot. Summ.J. Attach App. D., Stipulation in Support of Joint Petition for Order Approving A Lump–Sum Settlement Under F.S. 440.20(11)(b)(1994).) During his workers' compensation settlement negotiations, Plaintiff never dis-

cussed excluding his EEOC charges or other claims from the release provision of the Settlement Agreement. At all times during his workers' compensation claim and settlement, Plaintiff was represented by an attorney.

Defendant moves for summary judgment on the ground that Plaintiff knowingly and voluntarily released all his claims against Defendant when he signed the Settlement Agreement. Plaintiff contends that the release provision in the Settlement Agreement only pertains to his workers' compensation claim and does not include state and federal claims for violations of his civil rights.

## II. Standard of Review

Summary judgment is appropriate only where it is shown that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no requirement that the trial judge make findings of fact. *Id.* at 251, 106 S.Ct. 2505.

The moving party bears the burden of pointing to that part of the record which shows the absence of a genuine issue of material fact. If the movant meets its burden, the burden then shifts to the non-

moving party to establish that a genuine dispute of material fact exists. *See Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir.1993). To meet this burden, the non-moving party must go beyond the pleadings and "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.". *Chanel, Inc. v. Italian Activewear of Florida, Inc.,* 931 F.2d 1472, 1477 (11th Cir.1991). If the evidence relied on is such that a reasonable jury could return a verdict in favor of the non-moving party, then the court should refuse to grant summary judgment. *Hairston,* 9 F.3d at 919. However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. If the evidence is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50, 106 S.Ct. 2505.

## III. Discussion

■■■ Defendant argues that there is no material issue of fact that Plaintiff knowingly and voluntarily released his federal claims under Title VII and 42 U.S.C. § 1981 when he signed the Settlement Agreement. An employee who knowingly and voluntarily releases an employer from liability for either a Title VII or 42 U.S.C. § 1981 claim is bound by that agreement. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 52 & n. 15, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). When determining whether a release is knowing and voluntary, a court must consider the following factors:

the plaintiff's education and business experience; the amount of time the plaintiff considered the agreement before signing it; the clarity of the agreement; the plaintiff's opportunity to consult with

an attorney; the employer's encouragement or discouragement of consultation with an attorney; and the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled.

*Puentes v. United Parcel–Service Inc.,* 86 F.3d 196, 197 (11th.Cir.1996) (*quoting Beadle v. City of Tampa,* 42 F.3d 633, 635 (11th Cir.), *cert. denied,* 515 U.S. 1152, 115 S.Ct. 2600, 132 L.Ed.2d 846 (1995)). Plaintiff contends that there are material issues of fact to be decided by a jury on whether the release provision in the Settlement Agreement included Plaintiff's federal claims and whether he gave consideration in exchange for waving his federal claims. Plaintiff relies on *Bledsoe v. Palm Beach County Soil and Water Conservation District,* 133 F.3d 816 (11th Cir.1998) to support his argument that summary judgment is not proper. However, Defendant's reliance on *Bledsoe* is misplaced. In the instant case, the release provision is broad whereas in *Bledsoe* the release provision was partial. Further, Plaintiff had pending claims before the EEOC when he signed the Settlement Agreement whereas in *Bledsoe* there is no indication that the plaintiff had pending federal claims when he signed the join settlement agreement. Thus, this Court concludes that the factors set forth in *Puentes* as applied to the facts of this case clearly indicate that Plaintiff knowingly and voluntarily released all his claims including his federal claims against Defendant when he entered into the Settlement Agreement.

First, Plaintiff attended Edward Waters College and Florida Junior College after completing high school. Plaintiff also worked for different organizations in some capacity as a management, social services and counseling positions for over seven years. Thus, the first factor is satisfied because Plaintiff is educated and has significant work experience. Next, there is no dispute that Plaintiff had sufficient time to consider the Settlement Agreement without interference or pressure by Defendant and was represented by an attorney during his negotiation with Defendant. Therefore, the second, fourth, and fifth factors are met since the Plaintiff had sufficient time to consider the Settlement Agreement while represented by an attorney.

■ Plaintiff claims that there is a triable issue as to whether he gave consideration for the alleged release of his federal claims. However, there is no material issue of dispute over Plaintiff's consideration in agreeing to the Settlement Agreement because it is clear that he received $8,5000 as consideration. Therefore, the sixth factor is also satisfied. Consequently, the question remaining is whether there is a material issue of fact regarding the meaning of the Settlement Agreement, in particular the release provision. Plaintiff argues that the language in the introduction of the Settlement Agreement and paragraph 7 indicate that the Settlement Agreement only covered his workers' compensation claims. Specifically, Plaintiff contends that the scope of the Settlement Agreement is limited to his workers' compensation claims. In response, Defendant asserts that the release provision is unambiguous and broad thereby encompassing his federal claims as well. This Court concludes that the release provision is clear and unambiguous in that "any and all claims" against Defendant are released, discharged and surrendered by Plaintiff. (*See* Def. Mot. Summ.J. Attach App. D., Stipulation in Support of Joint Petition for Order Approving A Lump–Sum Settle-

ment Under F.S. 440.20(11)(b)(1994).) Therefore, the third factor is satisfied since the release provision clearly include Plaintiff's federal claims. Thus, the Court finds that the Plaintiff knowingly and voluntarily released his federal claims when he signed the Settlement Agreement.

## IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion for Summary Judgment be, and the same is hereby, GRANTED.