# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-296
Lower Tribunal Nos. FCHR Order No. 21-083, FCHR 2020-25804, DOAH
21-0059, EEOC 15D2020000989

_____

**Marie Andre,**
Appellant,

vs.

**Target,**
Appellee.


An Appeal from the Florida Commission on Human Relations.

Marie Andre, in proper person.

Littler Mendelson, P.C., and Stefanie Mederos and Alan Persaud, for
appellee.


Before EMAS, HENDON and GORDO, JJ.

PER CURIAM.

Affirmed. See Mavroleon v. Orrego, 47 Fla. L. Weekly D2167, 2022 WL 14672755, at *3 (Fla. 3d DCA Oct. 26, 2022) ("Florida courts, however, will enforce the terms of contracts that are knowingly and voluntarily executed because Floridians have a right to secure their own destiny and a right to expect that their lawfully enacted contracts will be enforced") (citing Allied Van Lines, Inc. v. Bratton, 351 So. 2d 344, 347-48 (Fla. 1977) ("It has long been held in Florida that one is bound by his contract. Unless one can show facts and circumstances to demonstrate that she was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract, it is binding. No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it")). See also Myricks v. Fed. Reserve Bank of Atlanta, 480 F.3d 1036, 1040-41 (11th Cir. 2007) (affirming a plaintiff knowingly and voluntarily released his pending Title VII claims when he signed a severance agreement) (citing Puentes v. UPS, 86 F.3d 196, 198 (11th Cir. 1996) ("When an employee knowingly and voluntarily releases an employer from liability for Title VII and § 1981 claims with a full understanding of the terms of the agreement, he is bound by that agreement."))