SHIVERS, Judge.
The employer/carrier (E/C) appeal an order to pay remedial medical care on the basis that the deputy commissioner erred in rejecting their statute of limitations defense. We agree and reverse.
Claimant, a 45-year-old maintenance worker, injured his knee on April 13, 1982 while employed by Eagle Point Mobile Home Estates. After the accident, he was treated by Dr. Levy, an authorized orthopedic surgeon, from June 20, 1982 through August 4, 1982. During his August 4, 1982 visit with Dr. Levy, the claimant was informed that surgery was advisable. He declined surgery, however, and continued to work for the same employer. Just prior to the expiration of the two-year statute of limitations, claimant contacted Dr. Levy’s office and an appointment was set for August 6, 1984. Claimant had received no other medical treatment for his knee between August 4, 1982 and August 6, 1984.
On the day of claimant’s appointment, Mrs. Stonebrook, an employee with Dr. Levy’s office, contacted the carrier regarding authorization for claimant’s treatment. Mrs. Stonebrook testified at the hearing that the adjuster, Mrs. Elilonis, did not have claimant’s chart because it was in the warehouse. Elilonis stated she saw no problems with Dr. Levy seeing the claimant, however, and indicated she would call Mrs. Stonebrook back that afternoon. When she had not returned the call by late afternoon, Stonebrook telephoned her. In the second telephone conversation, Stone-brook informed Elilonis that Dr. Levy had discussed surgery with the claimant and wanted to set the surgery for September 25, 1984. Once again, Elilonis told Stone-brook she could see no problem, but that if there was a problem she would contact her. Claimant was treated by Dr. Levy on August 6, 1984, and scheduled for arthroscopic surgery.
Neither claimant nor Dr. Levy’s office heard from the carrier again until August 18, 1984, at which time Levy received a letter from Mrs. Elilonis stating, “This is to notify you the statute of limitations has run in this case and surgery is not authorized.” The carrier also refused payment for the August 6, 1984 treatment.
After hearing on appellee’s claim for additional medical care, the deputy found that the August 6, 1984 visit to Dr. Levy had been authorized by the carrier, and that this authorization had “revived the claim which would have been barred otherwise by the statute of limitations.” The E/C were ordered to pay Dr. Levy’s bills with interest and to provide medical care.
*994 The statute of limitations applicable to this case provides:
(b) All rights for remedial attention under this section shall be barred unless a claim therefore which meets the requirements of paragraph (d) is filed with the division within 2 years after the time of injury, except that, if payment of compensation has been made or remedial attention has been furnished by the employer without an award on account of such injury, a claim may be filed within 2 years after the date of the last payment of compensation or within 2 years after the date of the last remedial attention furnished by the employer

Section 440.19(2)(b), Florida Statutes (1981) (emphasis supplied).
The appellant first argues that the treatment on August 6, 1984, was not authorized by the carrier. Thus, the “last remedial attention furnished by the employer” occurred on August 4, 1982 and appellee’s claim is barred by the above statute. Second, appellant argues that, even if the August 6, 1984 visit was authorized, the treatment on that date did not “revive” the claim, as more than two years had elapsed since the August 4, 1982 treatment.
While we note this court’s recent en banc decision on the issue of “revival,” Daniel v. Holmes Lumber Company, 471 So.2d 60 (Fla.1st DCA 1985), there is no need to address the issue as this particular case may be decided on the basis of appellant’s first argument. The “bottom line” of this case is, quite simply, that the carrier denied authorization for both the August 6, 1984 treatment and the proposed surgery, despite Mrs. Stonebrook’s recollection that she was initially told that the carrier “could see no problems.” Thus, the “last remedial attention furnished by the employer” took place on August 4, 1982 and the appellee’s claim was not timely filed. Since there was no subsequent voluntary furnishing of remedial medical care by the employer, the issue of “revival” does not arise.
Accordingly, the deputy’s order is reversed on the basis that appellee’s claim is barred by the statute of limitations.
SMITH and BARFIELD, JJ., concur.