PER CURIAM.
Dr. Robert Zarranz appeals the entry of a final summary judgment. We reverse the final summary judgment and remand for a trial on the merits.
On March 1, 1986, Zarranz and Coral Gables Hospital, Inc., executed a contract. The contract was to supply the terms upon which Zarranz would relocate his medical practice to Coral Gables from Tampa. The contract provided that:
[a]s compensation for services rendered ... and in order to facilitate the relocation of your medical practice to service the Hospital’s patient care community for the purposes and consideration herein stated, Hospital agrees:
* * „ * * * *
(ii) To guarantee ... that, during the Term, your net revenue for professional services will not be less than an average of ten thousand dollars ... during each full month of the term of the agreement.
The contract further provided that:
[t]he term “Net Revenue from Professional Services” shall include all revenue resulting from Physician’s performance of medical services for patients ... and any fees paid to Physician for teaching, writing, or speaking concerning medical or medically related matters. Physicians net revenue from professional services shall be calculated on the amount collected for such services and activities.
After Zarranz relocated his practice, the parties disagreed about the amount of money the hospital owed Zarranz under the guarantee provision. The parties differed in their interpretations of the “Net Revenue” clause. Zarranz sued the hospital for breach of contract, claiming that he had only received $60,000 after expenses, rather than the $132,000 guaranteed by the hospital.[1] Both parties moved for summary judgment, which the court granted in favor of the hospital.
Summary judgment was improper because a genuine issue of material fact remains regarding the meaning of the term “Net Revenue from Professional Services,” and its application to the guarantee clause. “Although the construction of a contract is ordinarily a matter of law, where the terms of the written instrument are disputed and are reasonably susceptible to more than one construction, an issue of fact is presented.” (emphasis added). State Farm Fire & Casualty Co. v. de Londono, 511 So.2d 604, 605 (Fla. 3d DCA 1987). See also Quayside Assoc. Ltd. v. Harbour Club Villas Condominium Assoc., 419 So.2d 678 (Fla. 3d DCA 1982); cf. Hoffman v. Terry, 397 So.2d 1184 (Fla. 3d DCA 1981) (contract provision reasonably susceptible *325 to more than one construction question for jury).
Each party’s construction of the terms involved in this case is reasonable. Therefore, this case must be remanded for a determination by the trier of fact.
Reversed and remanded.
JORGENSON and GODERICH, JJ., concur.

. In addition to the guarantee the contract had a provision in which the hospital agreed to pay $1,000 a month for a full time office employee.