BOOTH, Judge.
This cause is before us on appeal from an order of the judge of compensation claims (JCC). At issue is whether the JCC erred in (1) apportioning two-thirds of the responsibility for claimant’s permanent total disability (PTD) benefits to appellants, and (2) requiring appellants to pay supplemental PTD benefits under section 440.15(l)(e), Florida Statutes.
The relevant facts are that claimant injured his lower back in 1975 while working for appellant Wood & Wood. He did not at that time miss very much work, but his back condition deteriorated over the next several years and resulted in claimant having to undergo lumbar disc foraminotomy surgery at L4-5 and L5/S1 in December 1980. Claimant was out of work for several months and then returned to work for a second employer, earning wages substantially in excess of what he had earned while working for Wood & Wood.
Claimant continued, while working for the second employer, to have problems with his lower back. In June 1983, claimant sustained an accident while working for the second employer, which resulted in injuries to his neck, arm, and shoulders. Claimant thereafter continued treatment for the lower back condition and underwent treatment for the shoulder conditions. In July 1983, claim *44 ant enrolled in an orthopedic program for treatment of his lower back, called by the parties “back school.” He thereafter received physical therapy and injections for his back and shoulder conditions. He was twice hospitalized in 1984 and placed in cervical and lower back traction. Claimant underwent shoulder surgery. In late 1984, claimant underwent a double lumbar laminectomy.
Claimant ultimately reached maximum medical improvement (MMI) as to both injuries. His treating orthopedic surgeon assigned as to the 1975 lower back injury, a 25-percent permanent partial impairment rating and, as to the shoulder injury, a 15-percent permanent partial impairment rating.
The two injuries rendered claimant PTD. When asked whether the 1983 shoulder injury had exacerbated the 1975 back injury, claimant’s treating orthopedic surgeon stated that the question was almost impossible to answer. It was possible that awkward positioning necessitated by claimant’s shoulder injury had aggravated claimant’s back condition. The back condition, however, had not resolved itself at the time of the shoulder injury. The orthopedic surgeon testified that neither injury would have totally disabled claimant. The combination of the two injuries, however, resulted in claimant’s total disability. Two-thirds of the disability resulted from the 1975 lower back injury. The remaining one-third resulted from the 1983 shoulder injury.
Claimant filed claims against appellants and the second employer and its carrier. He subsequently entered into a lump-sum “washout” settlement of his PTD claim against the second employer and carrier, for payment of $125,000. In the agreement, claimant and the second E/C agreed that the “merger” of claimant’s preexisting physical conditions with the injuries sustained as a result of the June 1983 accident left claimant with a greater disability than he otherwise would have had. The agreement also recited that the second E/C had knowledge of claimant’s preexisting condition and had submitted a claim for reimbursement to the Special Disability Trust Fund.
The claim against appellants went to final hearing. The JCC found that although claimant had successfully returned to work after the 1975 injury, claimant underwent lower back surgery after sustaining the June 1983 shoulder injury. He thereafter never recovered sufficiently to return to work. The JCC found claimant to be PTD and, based upon the testimony of claimant’s treating orthopedic surgeon, vocational expert, and claimant, assigned two-thirds of the responsibility for claimant’s PTD condition to appellants and one-third of the responsibility to the second employer and carrier, who were not then parties. The JCC also required appellants to pay five-percent supplemental benefits under section 440.15(l)(e), Florida Statutes.
Resolution of the first issue requires that we determine first, whether apportionment between the two injuries was proper and second, whether, regardless, the “washout” settlement was intended to fully compensate claimant, thereby eliminating claimant’s right to seek PTD benefits from appellants. In eases in which a claimant having a preexisting injury seeks compensation after a subsequent injury, apportionment is proper when and to the extent that the preexisting injury either (1) was disabling at the time of the subsequent injury and continues to be so at the time of the award, or (2) was producing no disability at the time of the subsequent injury but, through normal progress, is doing so at the time of the award. Fegles Power Company v. Baggett, 560 So.2d 1330, 1332 (Fla. 1st DCA1990); Javier v. Gold Coast, Inc., 501 So.2d 61 (Fla. 1st DCA1987); Escambia County Council on Aging v. Goldsmith, 500 So.2d 626 (Fla. 1st DCA1986). The JCC’s order contains implicit findings that claimant’s 1975 injury had not, at the time of the 1983 injury, resulted in a disabling condition because claimant was then earning more than his 1975 average weekly wage.[1] Although the 1975 injury had produced no disability at the time of the 1983 *45 injury, the 1975 injury did ultimately produce a disability through its normal progress. These findings are supported by competent, substantial evidence, and accordingly, the JCC’s determination that apportionment was proper is affirmed.
Resolution of the issue whether the “washout” agreement between claimant and the second employer and carrier barred claimant’s recovery of further PTD benefits from appellants, is controlled by this court’s decision in Grand Bay Hotel v. Guerra, 605 So.2d 134 (Fla. 1st DCA1992). In Guerra, we held that construction of a “washout” settlement agreement, like any other contract, is generally a question of law. If the terms of the agreement are susceptible to more than one construction, however, an issue of fact is presented. Guerra, 605 So.2d at 137, citing Zarranz v. Coral Gables Hospital, Inc., 591 So.2d 323 (Fla. 3d DCA1991). In cases in which such a factual issue is presented, the JCC must make the initial determination as to the intended effect of the settlement.
The settlement agreement herein is susceptible to the interpretation that it either did or did not extinguish claimant’s right to recover PTD benefits from appellants. See Guerra, 605 So.2d at 137 and 137 n. 2 (setting forth some of the factors to be considered in determining intent of “washout” settlement). We therefore remand this case to the JCC with instructions to determine the intended effect of the settlement in accordance with the factors set forth in Guerra and any other factors which the JCC may deem relevant.
As to the second issue, claimant properly concedes that the JCC erred in requiring appellants to pay supplemental benefits in accordance with section 440.15(l)(e), Florida Statutes. Section 440.15(l)(e), Florida Statutes (1975), which governs the claim herein, requires that such benefits be paid from the Workers’ Compensation Administration Trust Fund. Even if applicable, section 440.-15(l)(e)l, Florida Statutes (1991), does not place responsibility on employers for supplemental benefits except as to injuries occurring on or after July 1, 1984.
The order appealed from is affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
KAHN and MICKLE, JJ., concur.

. “Disability” is defined as “incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.” § 440.02(9), Fla.Stat.; Fegles Power Company v. Baggett, 560 So.2d 1330, 1333 (Fla. 1st DCA1990).