624 So.2d 389 (1993)
Chris EDENFIELD, Appellant,
v.
B & I CONTRACTORS, INC., Appellee.
No. 92-04647.
District Court of Appeal of Florida, Second District.
September 22, 1993.
*390 M. David Shapiro of M. David Shapiro, P.A., Sarasota, for appellant.
Frank A. Pavese, Jr., of Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Cape Coral, and Robert L. Donald of Law Office of Robert L. Donald, Ft. Myers, for appellee.
BLUE, Judge.
Chris Edenfield appeals from a final summary judgment against him and in favor of B & I Contractors, Inc. He contends a factual dispute remains unresolved on his claim that he was wrongfully discharged because he filed a workers' compensation claim. We agree that the final summary judgment was improperly granted and reverse. The issue of Edenfield's wrongful termination from his employment was not factually foreclosed by the record before the trial court.
Edenfield filed a complaint alleging B & I terminated his employment in August 1991 in violation of section 440.205, Florida Statutes (1991).[1] B & I answered, denied the allegations, and filed eight affirmative defenses. B & I's defenses relied on a joint petition dated May 21, 1991, which released and settled Edenfield's workers' compensation claim. B & I also filed interrogatories requesting that Edenfield describe the incidents to support his allegations of demotion, reduction in pay, and general intimidation and harassment resulting from filing the workers' compensation claim. Edenfield's answers to the interrogatories listed multiple incidents occurring before the May 21, 1991, release.
B & I then filed a motion for partial summary judgment. Following the hearing on B & I's motion, the trial court granted final summary judgment. The court ruled that the release entitled B & I to partial summary judgment because it had no responsibility for damages resulting from events occurring on or before the date of the workers' compensation claim release. Edenfield concedes there is no error in that ruling. The trial court went on to hold, "... since no issues have been raised in the Plaintiff's Complaint nor proved to be in existence by virtue of the Plaintiff's Interrogatory responses after the date of the release and Workers' Compensation Order entered thereon, the Defendants are granted a Final Summary Judgment against the Plaintiff in this cause."
The trial court properly ruled Edenfield was not entitled to damages for any incidents or claims which occurred prior to the date of the release. However, the trial court erred in granting final summary judgment on Edenfield's alleged August 1991 wrongful termination. The settlement and release of the workers' compensation claim would not bar an action for subsequent *391 wrongful termination alleged to be the result of the workers' compensation claim. See Sottile v. Gaines Construction Co., 281 So.2d 558 (Fla. 3d DCA 1973) (release valid only to claims which had matured at the time of its execution), review denied, 289 So.2d 737 (Fla. 1974), receded from on other grounds, Brown v. Brown, 432 So.2d 704 (Fla. 3d DCA 1983).
The burden is on the party moving for summary judgment to demonstrate conclusively that the non-moving party cannot prevail. Holland v. Verheul, 583 So.2d 788 (Fla. 2d DCA 1991). The record before the trial court included only the complaint alleging wrongful termination, the answer denying the allegation with affirmative defenses, and answers to interrogatories. The record failed to demonstrate conclusively that Edenfield's allegation of wrongful termination from employment in August 1991 was untrue.
Implicit in the trial court's order is the finding that because Edenfield had released all claims for damages prior to May 21, 1991, he would not be entitled to adduce at trial any evidence of alleged intimidation or harassment which occurred prior to the date of the release. Further, without the benefit of such evidence, Edenfield would be unable to prove a wrongful termination. We disagree and hold that Edenfield would not be barred from presenting evidence of events occurring prior to the release date if probative of the wrongful termination issue.
We approve that portion of the court's order which barred claims for damages arising prior to May 21, 1991; however, we reverse the final summary judgment because there remains a factual issue on the question of wrongful termination. We affirm in part, reverse in part and remand for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and PARKER, J., concur.
NOTES
[1] Section 440.205 provides that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."