BOOTH, Judge.
This cause is before us on appeal from the judge of compensation claims’ (JCC) order tolling the statute of limitations[1] and requiring Brunswick Corporation and GAB Business Services (E/C) to authorize Cummings’ medical treatment and pay taxable costs. We reverse.
The E/C acknowledged compensability for Cummings’ industrial accidents in 1979 and 1986, and last authorized medical treatment on September 25, 1986. Cummings unsuccessfully sought medical treatment through his employer on November 8,1987. On April 5, 1989, the parties entered into a lump-sum settlement agreement which was approved by the JCC on April 11, 1989. The settlement agreement, Cummings’ affidavit attached thereto, and the order each explicitly provided that future medical expenses were not affected by the settlement agreement. Specifically, the agreement, affidavit, and or *788 der each provided that the E/C’s responsibility for future medical benefits “remains as it now is for the time and in the manner provided by law.” The settlement agreement specified that the E/C’s liability was discharged thereby, “other than liability for future medical expenses.” Cummings’ affidavit explicitly provided that he understood the settlement agreement waived all claims and discharged the E/C’s liability “other than for future medical benefits.” The heading of the order provided, in bold capital lettering, “ORDER FOR RELEASE FROM LIABILITY FOR FUTURE PAYMENTS OF COMPENSATION, REHABILITATION EXPENSES, OR DEATH BENEFITS BUT EXCLUDING MEDICAL EXPENSES.” (Emphasis added.) Finally, centered in bold capital lettering on the bottom of the order were the words “MEDICAL LEFT OPEN”.
The last compensation was paid on March 23,1989, shortly prior to the order approving the settlement agreement. Subsequently, on July 2, 1992, Cummings filed a claim for medical benefits. The E/C refused coverage, asserting that the two-year statute of limitations had run.[2] The JCC determined, inter alia, that Cummings did not understand the language in the 1989 settlement agreement, that the settlement language was ambiguous and could be interpreted to mean that authorization for medical care and treatment continued to be denied, and that the statute of limitations was, therefore, tolled.
The construction of a “washout” settlement agreement, like any other contract, is generally a question of law, unless its terms are susceptible to more than one construction, in which ease a factual issue is presented regarding the intended effect of the settlement to be determined by the JCC. Wood & Wood v. Dort, 625 So.2d 42 (Fla. 1st DCA 1993). The JCC in the present case has erred as a matter of law in determining that the settlement agreement was susceptible to more than one interpretation and that the agreement precluded Cummings from seeking medical care. As explicitly discussed above, there are at least eight separate references in the settlement agreement, order, and affidavit that future medical benefits were not affected thereby. The JCC’s determination that Cummings did not understand the settlement agreement, even if correct, is not determinative of the issue, especially considering that Cummings signed the agreement and supporting affidavit, was represented by counsel at the time, and does not allege that he was coerced into making the settlement or signing the agreement.
Accordingly, the order below is REVERSED.
MICKLE and BENTON, JJ., concur.

. We have reviewed similar orders: Commercial Roof Decks v. Flippo, 616 So.2d 138 (Fla. 1st DCA 1993); Eagle Point Mobile Home Estates v. Smith, 475 So.2d 992 (Fla. 1st DCA 1985).

. Section 440.19(l)(a) & (b) bar disability compensation and remedial attention claims filed more than two years after the last payment of compensation.