650 So.2d 1036 (1995)
Clifton BAREFOOT, Appellant,
v.
SEARS ROEBUCK & Company and Allstate Commercial Insurance Company, Appellees.
No. 93-3256.
District Court of Appeal of Florida, First District.
February 7, 1995.
Rehearing Denied March 24, 1995.
John B. Clarke of Danielson, Clarke, Pumpian & Ford, P.A., West Palm Beach, and Diane H. Tutt of Diane H. Tutt, P.A., Fort Lauderdale, for appellant.
Lisa M. Sutton of Marlow Connell Valerius Abrams Lowe & Adler, Miami, for appellees.
MICKLE, Judge.
This cause is before us on appeal from an order of the judge of compensation claims (JCC). Of the two issues raised on appeal, one warrants reversal. Because we conclude the JCC erred in determining as a matter of law that the parties' settlement agreement barred the instant claim, we reverse and remand for further proceedings.
This appeal arises out of a claim for benefits filed following an accident which occurred on May 31, 1989. The record below contains numerous requests for wage loss/temporary partial disability (TPD) benefits as well as numerous corresponding notices of denial filed by the employer/carrier (E/C). The notices of denial filed from February 1993 through June 1993 defend, in part, on the basis that all pending claims were resolved with the parties' settlement of January 12, 1993.
At the outset of the final hearing, the E/C asserted that the JCC was without jurisdiction *1037 to proceed further in light of the fact that the instant claim had been settled pursuant to the "washout" settlement entered into between Claimant and the E/C on January 12, 1993, arising out of an earlier accident occurring on February 26, 1986. The E/C informed the JCC that claimant had been involved in three accidents while employed with this employer  February 26, 1986; August 17, 1988; and May 31, 1989  and had represented in Paragraph 12 of the settlement agreement that "all known accidents, injuries, and occupational diseases sustained while employed by the employer have been revealed through notices of injury," and agreed that "[a]ll pending claims are hereby voluntarily withdrawn with prejudice." Claimant moved to strike the E/C's motion on the basis that this defense had not been raised in the pretrial stipulation and was thus waived.
The JCC denied the motion to strike, noting that Claimant had been made aware of the defense via the notices of denial. The JCC proceeded to take evidence on the merits, consisting of live testimony of Claimant and deposition testimony of two orthopedic surgeons. The Claimant was prohibited from testifying regarding his personal understanding of the settlement agreement. Following the hearing, the JCC entered a written order denying the claim in toto on the basis that the language in the settlement agreement was clear and unambiguous and that the effect of Paragraph 12 of the agreement was the voluntary withdrawal by Claimant of all pending claims.
Generally, construction of a "washout" settlement agreement, like any other contract, is a question of law. Wood & Wood v. Dort, 625 So.2d 42 (Fla. 1st DCA 1993). However, if the terms of the agreement are susceptible to more than one construction, an issue of fact is presented. Grand Bay Hotel v. Guerra, 605 So.2d 134 (Fla. 1st DCA 1992). In cases in which such a factual issue is presented, the JCC must make the initial determination as to the intended effect of the settlement.
The lump-sum settlement agreement entered into by the parties herein in January 1993 provides in pertinent part:
2. DATE OF ACCIDENT AND VENUE  On 02-26-86 the Claimant sustained an injury by accident as contemplated under F.S. Chapter 440 arising out of and in the course and scope of employment within District I, Florida, with the employer.
* * * * * *
3. AVERAGE WEEKLY WAGE AND COMPENSATION RATE  At the time of the accident the employee's average weekly wage was $736.00 thus making the compensation rate $315.00 per week.
* * * * * *
6. SETTLEMENT AMOUNT AND DISCHARGE FROM LIABILITY FOR FUTURE COMPENSATION  There is a controversy and dispute between the Claimant on the one hand and the Employer/Carrier or Servicing Agent on the other over the nature and extent of Claimant's impairment, if any, the Claimant's entitlement to wage loss benefits, and his/her need for rehabilitation or training. It is in the best interests of the Claimant and will definitely aid in his/her rehabilitation if this controversy be disposed of, it being understood that Section 440.20 of the Florida Statutes permits lump sum settlements in exchange for the Employer/Carrier or Servicing Agent's release from liability for future payments of compensation, other than medical expenses, where a Claimant is about to remove him/herself from the state, where a Claimant can demonstrate that a lump sum payment will definitely aid in her/her rehabilitation, or is otherwise in his/her best interests and that a lump sum payment will avoid undue expense or undue hardship to any party. The parties have, therefore, agreed upon a reasonable compromise and disposition of this cause, and such reasonable compromise is for the Claimant to be paid in one lump sum, thereby compromising, settling and resolving all issues concerning compensation benefits, including rehabilitation benefits, past, present, future... ..
Subject to approval of the Judge of Compensation Claims the Employer/Carrier or Servicing Agent agrees to pay the Claimant, and the Claimant agrees to accept, a *1038 lump sum of $85,000.00 in full and final satisfaction of any claim for compensation benefits, including, but not limited to temporary total disability benefits, temporary partial disability benefits, permanent total disability benefits, wage loss benefits, impairment benefits, death benefits, or rehabilitation benefits, for the past or in the future. Upon receipt of the lump sum, the Employer/Carrier or Servicing Agent will be forever released and discharged from the obligation or liability for compensation benefits, impairment benefits, death benefits, and rehabilitation benefits payable under the Florida Workers' Compensation Act.... .
* * * * * *
12. ALL KNOWN ACCIDENTS, INJURIES, AND OCCUPATIONAL DISEASES REVEALED AND ALL PENDING CLAIMS WITHDRAWN  The Claimant represents that all known accidents, injuries, and occupational diseases sustained while employed by the employer have been revealed through notices of injury completed by Claimant. All pending claims are hereby voluntarily withdrawn with prejudice.
* * * * * *
16. DESCRIPTION OF ACCIDENT  The Claimant advises the court that accident occurred on 02-26-86 when he was assisting a clerk with placing a heavy T.V. in a stock room. They were stocking the T.V.'s three high and when the Claimant was pushing the T.V. up to the top of the stack, he injured his neck and back.
* * * * * *
18. MAXIMUM MEDICAL IMPROVEMENT, IMPAIRMENT RATING  Claimant asserts being three (3) months past maximum medical improvement for injuries sustained in this industrial accident. Claimant acknowledges that approval of this stipulation is dependent upon the Judge of Compensation Claims finding that the claimant is, in fact, three (3) months past maximum medical improvement... . .
According to Dr. Frederick Smith, the Claimant achieved maximum medical improvement on 08/01/90 with a 20% permanent impairment rating to the body as a whole. Documentation in support of maximum medical improvement date is attached and made a part hereof, if available.
* * * * * *
[Emphasis in original.]
As in Dort, the settlement agreement herein is susceptible to the interpretation that it either did or did not extinguish Claimant's right to recover benefits for the later May 31, 1989, accident. Save Paragraph 12, the agreement specifies only the February 26, 1986, accident. The repeated references to this earlier accident indicate that the settlement may have been intended to encompass this accident only. On the other hand, Paragraph 12 clearly states that all pending claims are voluntarily dismissed. At the time of the settlement, the claims for both the 1986 and 1989 accidents were pending. The two accidents affected separate portions of Claimant's body. In the 1986 accident, Claimant injured his mid and lower back while he was lifting a television. The 1989 accident occurred while a ladder Claimant was climbing gave way, resulting in an injury to Claimant's left knee. The Claimant was represented by the same counsel for both accidents. The E/C were represented by different counsel with regard to the 1989 accident. Maximum medical improvement (MMI) was attained for the 1986 accident prior to the date of the settlement, whereas Claimant had not yet reached MMI for the 1989 injury at the time of the settlement. Notably, the settlement agreement is prefaced with language providing that Claimant had reached MMI more than three months prior to the date of the settlement, thus referencing only the 1986 accident. Moreover, Paragraph 18 of the agreement specifically refers only to Claimant's attainment of MMI with regard to the 1986 accident.
The JCC reviewed the agreement and found Paragraph 12 to be clear, unambiguous, and essentially dispositive of the issue of the parties' intent to settle all pending claims. In so concluding, the JCC did not take evidence from either the Claimant or the E/C. We might agree that, standing *1039 alone, Paragraph 12 is clear and unambiguous as determined by the JCC. However, Paragraph 12 must be construed in conjunction with the remaining provisions of the agreement and with the aforementioned surrounding facts and circumstances. Paragraph 12 contains language which potentially conflicts with other portions of the agreement, thereby creating a patent ambiguity. The interpretation of the agreement is therefore a question of fact. Accordingly, we remand this case to the JCC with instructions to adduce evidence from the parties to determine the intended scope of the settlement agreement. See Sasser Funeral Home, Inc. v. McClellan, 627 So.2d 1304 (Fla. 1st DCA 1993) (where lower court found contract unambiguous, appellate court found it to be ambiguous and remanded for parol evidence regarding the intent of the parties).
REVERSED AND REMANDED.
BOOTH and WOLF, JJ., concur.