778 So.2d 996 (2000)
Diana CZOPEK, Appellant,
v.
GREAT CHEMICALS and GAB Business Services, Inc., Appellees.
No. 1D99-2320.
District Court of Appeal of Florida, First District.
June 22, 2000.
Rehearing Denied August 8, 2000.
Monte R. Shoemaker, Altamonte Springs, for appellant.
Debra L. Zeitler and Michael L. Peterson of Moore & Peterson, P.A., Orlando, for appellees.
WOLF, J.
In this workers' compensation case, the claimant, Diana Czopek, asserts that the judge of compensation claims (JCC) erred in finding that a reimbursement from Nutri/System constituted a future medical benefit that she was not entitled to pursuant to the terms of her washout settlement agreement entered into with the employer/carrier (E/C). We reverse.
As the result of a workplace accident, the claimant, Diana Czopek, sustained a compensable injury to her eyes and to her back. Following back surgery, her physician prescribed a supervised weight-loss program which was paid for in advance by the E/C and provided by Nutri/System. Subsequently, after attending a mediation conference, the parties entered into a stipulation and joint petition for lump sum settlement (a "washout") pursuant to section 440.20(11)(b) and (c), Florida Statutes (1994), which was approved by the JCC on March 12, 1998.
*997 Approximately two months later, Nutri/System closed its facilities in Central Florida, and because Czopek had not completed the program, Nutri/System forwarded a check for $2,520.10 (representing the unused portion of the program) to the E/C. Czopek filed a request for assistance and a petition for benefits, seeking payment of the Nutri/System refund. Then, because the E/C refused to pay the Nutri/System refund to her, Czopek filed a motion to modify the JCC's order approving the "washout" settlement.
Following a hearing on the issue, the JCC entered a compensation order, finding that Czopek had voluntarily entered into a valid and binding settlement agreement; that, among other things, she had waived the right to petition for modification of the agreement, and she had released the E/C from obligation or liability for any future compensable benefits; that the refund requested was for a future medical benefit; and that there was no fraud, overreaching, or misrepresentation which would allow him to modify the settlement agreement. Consequently, the JCC determined that while he had jurisdiction of the parties, he did not have jurisdiction to order payment of the refund, and that in light of the settlement agreement, the refund was properly reimbursed to the E/C. Czopek filed this timely appeal.
The relief sought in the instant case by claimant was neither a request for modification nor a request for further benefits.[1] The JCC was merely being asked to construe the settlement agreement to determine its effect on benefits previously provided to the claimant, a matter clearly within the province of the JCC. See Brunswick Corp. v. Cummings, 648 So.2d 787, 788 (Fla. 1st DCA 1994).
The settlement agreement is silent as to past benefits which have been provided. The opening paragraph of the washout agreement states that its intent is to release the E/C from "further" liability. Absent language to the contrary, there is no reason that the E/C should reap benefits from this money which had previously been committed to provide benefits to the claimant.
We, therefore, reverse and order the JCC to enter an order requiring the E/C to either provide the previously contemplated benefit or to provide the reimbursement to the claimant so she may obtain the benefit herself.
ERVIN and WEBSTER, JJ., concur.
NOTES
[1] The request for relief filed by claimant unfortunately was entitled a "Request for Modification."