868 So.2d 591 (2004)
Osvaldo R. SOMOZA, Appellant,
v.
SEARS SERVICE CENTER SPECIALTY RISK SERVICES, INC., and ITT Hartford, Appellees.
No. 1D03-935.
District Court of Appeal of Florida, First District.
March 1, 2004.
Rehearing Denied March 30, 2004.
*592 Joseph S. Silver and Catherine F. Agacinski of Silver & Agacinski, Tampa, Attorneys for Appellant.
Jennifer J. Card, Scot E. Samis and Christopher L. Petruccelli of Abbey, Adams, Byelick, Kiernan, Mueller & Lancaster, LLP, St. Petersburg, Attorneys for Appellees.
PER CURIAM.
This is an appeal of a final order of the Judge of Compensation Claims denying Claimant's request for authorization of an MRI. The JCC also determined that Claimant's June 24, 1984, workplace accident, as well as his 1989 workplace accident, were included in the 1990 settlement agreement.
This court has previously held that "[w]henever the purpose of a diagnostic test is to determine the cause of a claimant's symptoms, which symptoms may be related to a compensable accident, the cost of the diagnostic test is compensable, even if it should later be determined that the claimant suffered from both compensable and noncompensable conditions." Scott v. Bisanti Servs., Inc., 634 So.2d 292, 294 (Fla. 1st DCA 1994); see also Prince v. Prince Ins. Servs., 556 So.2d 1195 (Fla. 1st DCA 1990). Here, Dr. Nyako, Claimant's only authorized physician, ordered the MRI to determine the causal etiology of Claimant's symptoms. Therefore, because Dr. Nyako was an authorized physician and the diagnostic tests were to determine the causal relationship to the workplace accidents, the JCC erred in denying authorization for Claimant's MRI.
Under contract law, a settlement agreement ratified by the JCC is interpreted as a matter of law. Brunswick Corp. v. Cummings, 648 So.2d 787, (Fla. 1st DCA 1994). However, if the settlement terms are subject to more than one construction, a factual issue arises, and the JCC must determine the intended effect of the contract. Id.; see also Barefoot v. Sears Roebuck & Co., 650 So.2d 1036 (Fla. 1st DCA 1995).
Here, the JCC found that the settlement agreement clearly and unambiguously included both accident dates. Paragraph 7 of the agreement clearly states that "all compensable accidents, injuries and occupational diseases are contemplated and settled save for medical expenses by the parties upon execution of this Joint Petition and Stipulation." The terms of this paragraph support the JCC's determination that the settlement agreement encompassed both the 1984 and the 1989 accidents. However, this paragraph must be construed in conjunction with the remaining provisions of the agreement. See Barefoot, 650 So.2d at 1039. At the top of the agreement, the date of accident only lists the 1989 accident. Paragraph 3 also refers only to the accident occurring on May 30, 1989, affecting Claimant's back. The 1984 accident involved injuries to Claimant's knees and back. Thus, the settlement agreement is susceptible to the interpretation that it only involved the 1989 accident.
Because the agreement is subject to more than one construction, the interpretation of the agreement becomes a question of fact to be determined by the JCC. Unfortunately, while the JCC outlined the testimony it admitted into evidence, the JCC did not make any factual findings regarding the intent of the parties. Therefore, we remand this case to the JCC *593 to determine the intended scope of the settlement agreement.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH, VAN NORTWICK and LEWIS, JJ., CONCUR.