882 So.2d 431 (2004)
Harold P. JACOBSEN, as personal representative of Betty Jean Jacobsen, Appellant,
v.
Ross STORES and Sedgwick Claims, etc., Appellees.
No. 1D03-2868.
District Court of Appeal of Florida, First District.
August 24, 2004.
*432 Kevin G. Bennett; Grossman & Goldman, P.A., Boca Raton, for Appellant.
Valentina M. Tejera, Miami, for Appellee.
HAWKES, J.
The issue before us is whether the amendments to section 440.20(11)(c), Florida Statutes (2001), adopted by the 2000 legislature, eliminated the previously existing jurisdiction of the Judge of Compensation Claims (JCC) to construe or enforce settlement agreements, or to determine whether a settlement was reached. We conclude the amendments did not alter the JCC's jurisdiction and reverse.
Betty Jean Jacobsen (Claimant) and Appellees, Ross Stores and Sedgwick Claims Management Services (E/C), through mediation, entered a written, signed washout settlement agreement pursuant to section 440.20(11)(c),(d), and (e), Florida Statutes (2001). The mediation report indicated the settlement agreement completely resolved all issues.
Before payout of the settlement, Claimant died and Harold Jacobsen (Appellant), personal representative of Claimant's estate, filed a notice of substitution of parties and a motion to compel enforcement of the settlement agreement. Following a hearing on Appellant's motion to compel, the JCC entered an Order concluding that, pursuant to section 440.20(11)(c), Florida Statutes (2001), she lacked jurisdiction to either determine whether a washout settlement agreement was reached, or to enforce such an agreement. This appeal followed.
Whether a court has subject matter jurisdiction is a question of law reviewed de novo. See Seven Hills, Inc. v. Bentley, 848 So.2d 345 (Fla. 1st DCA 2003); see generally Klonis v. Dep't of Revenue, 766 So.2d 1186, 1189 (Fla. 1st DCA 2000).
A claimant represented by counsel may enter a lump sum settlement agreement. See § 440.20(11)(c), Fla. Stat. However, pursuant to the year 2000 amendments to section 440.20(11)(c), such "settlement agreement requires approval by the [JCC] only as to the attorney's fees paid to the claimant's attorney by the claimant. The parties need not submit any information or documentation in support of the settlement, except as needed to justify the amount of the attorney's fees...." Id. (emphasis added). The plain language of this statute does *433 not extinguish the JCC's previously existing jurisdiction to determine whether a settlement agreement was entered, or to construe, or give effect to settlement agreements. Rather, except for the amount of attorney's fees, it simply permits parties represented by counsel to enter lump sum settlement agreements without obtaining the JCC's approval of the settlement actually reached.
A JCC's jurisdiction relating to settlement agreements is well-settled. Construction of a settlement agreement is "a matter clearly within the province of the JCC." Czopek v. Great Chemicals & GAB, 778 So.2d 996, 997 (Fla. 1st DCA 2000). The JCC has authority to determine whether a valid, binding settlement agreement was reached, and if so, to give effect to the settlement agreement. See id. (noting that, after a hearing, the JCC entered an order finding claimant had voluntarily entered into a valid and binding settlement agreement which was within JCC's jurisdiction to construe); see also Frix v. All State Ins. & ITT, 854 So.2d 258 (Fla. 1st DCA 2003) (holding JCC has authority and jurisdiction to impose sanctions for late payment of a settlement between the parties); Dominguez v. Cruise Holdings, 814 So.2d 505 (Fla. 1st DCA 2002) (holding JCC erred by failing to give effect to parties' settlement agreement; on remand, JCC directed to assess parties' contrary interpretations of settlement provision). Where terms of a washout settlement conflict with other terms in the settlement, a patent ambiguity is created, the resolution of which is a question of fact requiring the JCC to determine the intended scope of the settlement. See Barefoot v. Sears Roebuck & Co., 650 So.2d 1036 (Fla. 1st DCA 1995).
The JCC erred by concluding the amendments to section 440.11(c), Florida Statutes, divested her of the subject matter jurisdiction long held by JCCs to determine whether the parties entered a binding settlement agreement, or to enter an order giving effect to that agreement. Accordingly, the JCC's order is REVERSED.
ERVIN and ALLEN, JJ., concur.