[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2004
THOMAS K. KAHN
CLERK

No. 04-11153
Non-Argument Calendar

_____

D. C. Docket No. 03-20939-CV-JLK

DON BORQUE

Plaintiff-Appellant,

versus

TRUGREEN, INC., d.b.a. Trugreen Chemlawn,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 15, 2004)**

Before CARNES, HULL and GODBOLD, Circuit Judges.

PER CURIAM:

The issue in this case is whether under Florida law a workers' compensation

settlement between an employer and employee containing broad release language

absolves the employer of a retaliatory discharge claim. We conclude that the release language at issue here is not sufficiently clear to support a summary judgment for the employer.

Don Borque injured his shoulder while working as a courier for Trugreen Limited Partnership in September 2002. At the time of his injury Borque had worked for Trugreen for over two years with a salary of approximately $400 a week. Borque sought treatment at a workers' compensation clinic for his injury and was ordered by a physician to restrict his lifting activity. Borque asserts that after he sought treatment Trugreen management questioned his injury and threatened to give away his route. A month later he was fired.

In March 2003 Borque retained an attorney and sued Trugreen in Florida state court for wrongful discharge under Fla. Stat. §§ 440.205 and 440.15 alleging that Trugeen terminated his employment because he pursued a claim for workers' compensation benefits. He also alleged that another employee who was injured on the job but utilized his own health care policy instead of seeking workers' compensation benefits was afforded favorable treatment.

While his lawsuit was pending Borque was referred to a different attorney, Clifford Mermell, to assist him with his workers' compensation claim. Mermell represented Borque during a mediation that ultimately led to a settlement. The

mediation was overseen by a judge of compensation claims who had jurisdiction under the Florida Workers' Compensation Law to determine how to construe and whether to give effect to the settlement. See Czopek v. Great Chemicals & GAB, 778 So.2d 996, 997 (Fla.1st DCA 2000). In July 2003 the claims judge approved the settlement.

The settlement agreement required Trugreen to pay Borque a lump sum payment of $8,300 to extinguish his workers' compensation claim. The agreement contains a variety of boilerplate language releasing Trugreen from liability. The first paragraph of the agreement begins:

> THIS SETTLEMENT AGREEMENT AND RELEASE . . . is intended to be a complete, entire and final release and waiver of any and all rights to any and all past, present and future benefits . . . Don P. Borque, is, or may be, entitled to under Chapter 440, Florida Statues or any successor statutory provision(s) . . . and any other actions, claims, demands or causes of actions, whatsoever, that the Employee/Claimant may have against the Employer, TruGreen . . . ."

Other sections are more limited and refer to benefits released by the settlement.

Under a subsection entitled "All Benefits Resolved and Claims Released" the agreement provides that the settlement is "in full satisfaction of the obligation or liability of the Employer . . . to pay any and all benefits of whatever kind or classification available under the Florida Workers' Compensation Law . . . ." The settlement agreement does not specifically release Trugreen from Borque's

3

retaliatory discharge claim. Indeed the portion of the settlement agreement outlining how the parties arrived at the settlement amount refers only to <u>benefits</u> – present and future.

Trugreen removed the retaliatory discharge action to federal district court on diversity grounds and moved for summary judgement based upon the language in the release. The district court decided that under <u>Taylor v. Camillus House, Inc.</u>, 149 F. Supp.2d 1377, 1379 (S.D. Fla. 2001) and its list of factors Borque's retaliatory discharge claim was foreclosed by the general release language in the settlement agreement.

On appeal Borque argues that (1) the Florida Workers' Compensation Law prohibits general release language, (2) the judge of compensation claims was without jurisdiction to address the retaliatory discharge claim, (3) whether the general release was intended to include the retaliatory discharge is a question of fact for a jury to decide, and (4) no consideration was provided for the release of the retaliatory discharge claim.

We review *de novo* a district court's order granting a motion for summary judgment and construe "all reasonable doubts about the facts in favor of the non-movant." <u>Browning v. Peyton</u>, 918 F.2d 1516, 1520 (11th Cir. 1990).

The district court relied on <u>Camillus House</u> in holding that Borque entered

4

into the settlement agreement with the intent to discharge the retaliatory discharge claim. Camillus House however involved a settlement made in a Title VII employment discrimination context. Florida law provides the pertinent roadmap for addressing Borque's retaliatory discharge claim under the Florida Workers' Compensation Law.

Borque's first two arguments rise and fall in tandem. Both arguments misconstrue the Florida Workers' Compensation Law. Florida enacted the Workers' Compensation Law to provide an injured employee with an efficient delivery of disability and medical benefits at a reasonable cost to the employer. Barry v. Burdines, 675 So.2d 587, 589 (Fla. 1996). Employers cannot punish employees for pursuing their rights under this scheme. Section 440.205 provides that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Fla. Stat. § 440.205. If an employer violates this section, the employee has a cause of action for retaliatory discharge. See Smith v. Piezo Tech. & Prof'l Adm'rs., 427 So.2d 182, 183-84 (Fla. 1983).

Section 440.20 of the Workers' Compensation Law provides a framework for settling claims in an efficient and cost effective manner. The settlement

5

agreement between Trugreen and Borque provides that it was made pursuant to

Fla. Stat. § 440.20(11)(c). Subsection (c) allows claimants to utilize a general

release to settle a workers' compensation claim. Subsection (c) provides:

> when a claimant is represented by counsel, the claimant may waive all
> rights to any and all <u>benefits</u> under [the Workers' Compensation Law]
> by entering into a settlement agreement releasing the employer and
> the carrier from liability for workers' compensation benefits in
> exchange for a lump-sum payment to the claimant.

The Workers' Compensation Law was amended in 2000 to limit approval of a

settlement under subsection (c) by the claims judge to the attorney's fees paid to

the claimant's attorney by the claimant. <u>See</u> Fla. Stat. § 440.20(11)(c).

Accordingly subsection (c) makes clear that Borque's first two arguments are

without merit.

When Borque retained Mermell to pursue his workers' compensation claim

he allowed Trugreen to utilize a general release in settling his claim.[1] The only

portion of the settlement agreement that required court approval was the provision

for Mermell's attorney's fees. Because the claims judge was not required to

approve the settlement whether he had jurisdiction over any other claim including

---

[1] Borque asserts Rule 4.143 of the Florida Rules of Workers Compensation which governs settlements under § 440.20(11) controls our decision here. This argument was not presented to the district court and we see no reason to depart from our general rule that we will not consider issues raised for the first time on appeal. <u>See</u> <u>Wright v. Hanna Steel Corp.</u>, 270 F.3d 1336, 1342 (11th Cir. 2001). In any event this rule which prohibits general release language in the settlement is inapplicable to settlements made with assistance of counsel under § 440.20(11)(c). <u>See</u> Fla. R. Work. Comp. P. 4.143.

Borque's retaliatory discharge claim is inconsequential. Under Fla. Stat. § 440.20(11)(c) there was no need for him to approve anything other than the attorney's fees. Under subsection (c) the jurisdiction of the claims judge would arise only if one of the parties argued the settlement agreement was not binding. See P. Jacobsen v. Stores, 882 So.2d 431, 433 (Fla.1st DCA 2004). Neither party has done so here.

The validity of using a general release has been confirmed by the Florida courts in Edenfield v. B&I Contractors, Inc., 624 So.2d 389, 390 (Fla.2d DCA 1993). Edenfield involved a situation somewhat analogous to the one at issue here. In Edenfield the court upheld a portion of a trial court's order that granted summary judgment on a retaliatory discharge claim using a workers' compensation settlement agreement. Edenfield, So.2d at 391. Edenfeld however was terminated a month after he settled a workers' compensation claim. Id. at 390. He also conceded that he could not sue for events occurring prior to the workers' compensation release under the settlement. Id. The court reversed the portion of the trial court's order pertaining to wrongful termination because factual issues remained concerning why Edenfield was terminated. Id. The court did not focus on the language of the release and whether that language was intended to encompass Edenfield's claim for retaliatory discharge.

7

Borque's third argument addresses the question left unresolved by Edenfield - the reach of the general release. Under Florida law it is unclear whether the general release signed by Borque was intended to encompass his retaliatory discharge claim under §440.205. The Florida Supreme Court made clear in Smith that mere reference to rights and benefits under the Workers' Compensation Law is insufficient to waive a claim for retaliatory discharge. Smith, 427 So.2d at 184. In Smith the court held that a "Section 440.205 wrongful discharge claim is not a claim for compensation or benefits" under the Workers' Compensation Law. Id. Such claims are outside the jurisdiction of claims judges. See id. Moreover the general release provision in § 440.20(11)(c) refers only to a waiver of "all rights to any and all benefits." Fla. Stat. § 440.20(11)(c). Accordingly a general release of benefits under § 440 does not necessarily release a retaliatory discharge claim under § 440.205 without evidence of intent by the claimant to do so.

The language in the settlement agreement here does not clearly manifest such intent. It is not clear to us whether Borque intended to release his retaliatory discharge claim when he signed the workers' compensation settlement agreement. The settlement payment of $8,300 was a lump sum payment "in full satisfaction of the obligation or liability of [Trugreen] to pay any and all benefits of whatever kind or classification available under the Florida Workers' Compensation Law."

8

Similarly other portions of the settlement discuss the lump sum payment in terms of a release from liability for <u>benefits</u>.  This language is inconsistent with the prefatory language to the settlement agreement releasing Trugreen from all <u>claims</u> of liability.

Borque invokes the Florida Supreme Court's decision in <u>Hurt v. Leatherby Ins. Co</u>., 380 So.2d 432 (Fla. 1980) to argue that whether the release was intended to cover the retaliatory discharge claim is a question for the jury.  <u>Hurt</u> held that "[w]hether a general printed release is effective to discharge other than specifically named tortfeasors is a question of fact."  <u>Hurt</u>, 380 So.2d at 434.  This case does not involve a release of non-named tortfeasors.  The agreement does however raise questions of whether ambiguous language in a workers' compensation settlement agreement releases Trugreen from a retaliatory discharge claim that is non-justiciable in a workers' compensation forum.

We cannot say that the settlement language is sufficiently clear to dispose of Borque's claim.  This is not to say that retaliatory discharge claims can never be disposed of through the use of a general settlement agreement in a workers' compensation context.  <u>Edenfield </u>confirms that such agreements can be given effect.  <u>Edenfield</u>, 624 So.2d at 390.  <u>Edenfield</u>, <u>Smith</u> and <u>Hurt,</u> however preclude us from holding on the record before us that the agreement here releases Trugreen

from Borque's retaliatory discharge claim.

Because we cannot conclude that the language in the settlement agreement covered Borque's workers' compensation claim we do not reach Borque's last contention of whether Trugreen provided sufficient consideration to dispose of this claim.

REVERSED and REMANDED for further proceedings.