937 So.2d 700 (2006)
Noelmis CARTAYA, Appellant,
v.
COASTLINE DISTRIBUTION and Gallagher Bassett Serv. Inc., Appellees.
No. 1D05-5128.
District Court of Appeal of Florida, First District.
August 10, 2006.
Rehearing Denied September 15, 2006.
*701 Jose J. Larraz, Jr., of Jose J. Larraz, P.A., Miami, for Appellant.
Eduardo E. Neret of Law Offices of Eduardo E. Neret, P.A., Miami, for Appellees.
PER CURIAM.
The claimant seeks review of an order of the Judge of Compensation Claims (JCC) denying his "Motion to Enforce Settlement Agreement," which sought construction and enforcement of the parties' washout settlement agreement. We agree that the JCC erred in concluding that she was without jurisdiction to construe the agreement. See Jacobsen v. Ross Stores, 882 So.2d 431, 432 (Fla. 1st DCA 2004). Nonetheless, we affirm the denial of the motion because the claimant is not entitled to the relief sought.
The intent of the parties governs in contract construction, and that intent is to be ascertained from the agreement itself where its terms are clear and unambiguous. See Dune I, Inc. v. Palms N. Owners Ass'n, Inc., 605 So.2d 903, 905 (Fla. 1st DCA 1992); Bingemann v. Bingemann, 551 So.2d 1228, 1231-32 (Fla. 1st DCA 1989). The initial determination of whether a contract is ambiguous presents a question of law. Strama v. Union Fid. Life Ins. Co., 793 So.2d 1129, 1132 (Fla. 1st DCA 2001). Absent any ambiguity, the construction of the contract also presents a question of law. Travelers Indem. Co. of Ill. v. Hutson, 847 So.2d 1113, 1114 (Fla. 1st DCA 2003). In this case, the terms of the settlement agreement unequivocally provide that, (1) the settlement payment was in full settlement of any and all claims; (2) the employer and carrier (e/c) would be released from liability for past and future medical benefits upon payment of the settlement amount; and (3) the e/c would not be liable for the payment of any medical bills upon execution of the agreement. Based upon the unambiguous terms of the agreement, the e/c's liability was completely extinguished without any limitation. Therefore, the claimant is not entitled to payment of the medical bills that were outstanding at the time the agreement was executed.
*702 Accordingly, we affirm the order of the JCC.
AFFIRMED.
ALLEN, DAVIS, and POLSTON, JJ., concur.