969 So.2d 562 (2007)
Virginia McCALLUM, Appellant,
v.
PALM BEACH COUNTY SCHOOL DISTRICT and F.A. Richard & Associates, Appellees.
No. 1D07-0727.
District Court of Appeal of Florida, First District.
November 30, 2007.
Jerry J. Goodmark of Goodmark & Goodmark, P.A., West Palm Beach; Barbara B. Wagner of Wagenheim Wagner, Ft. Lauderdale, for Appellant.
Kurt A. Wyland and Jerry McKim of Walton Lantaff Schroeder & Carson, West Palm Beach, for Appellees.
PER CURIAM.
Claimant, Virginia McCallum, appeals an order in which the judge of compensation claims determined that she did not have jurisdiction to construe the parties' settlement agreement for the purpose of ruling on claimant's motion for attorney's fees. We reverse and remand for further proceedings.
On November 19, 2003, claimant and Palm Beach County School Board, the employer, and F.A. Richard and Associates, the carrier, entered into a settlement agreement whereby the employer/carrier agreed to pay McCallum a lump sum and McCallum agreed to release the employer/carrier from any further claims. The parties agreed that the employer/carrier "will be responsible for payment of indemnity (if applicable) and for provision of authorized medical treatment and care through the date of the Judge of Compensation Claims's approval of the attorney fee stipulation and that employer/carrier/servicing agent's responsibility to provide Fla. Stat. § 440 benefits will cease on that date." The parties also agreed that the employer/carrier "shall set up and fund a Medicare Set Aside Trust to indemnify the Claimant and her attorney from any medical liens asserted by Medicare."
*563 On December 1, 2003, claimant filed a Petition for Benefits asking the employer/carrier to pay for her share of two bills Medicare had covered and was seeking from her: a $10.32 payment to Northridge Internal Medicine for treatment provided to her between May 28, 2002, and June 15, 2002; and a $50.12 payment to Long Beach Medical Center for treatment between August 19, 2003, and September 12, 2003.
On December 11, 2003, the judge of compensation claims approved the attorney's-fee stipulation, thus finalizing the parties' settlement agreement.
The employer/carrier disputed claimant's entitlement to the two Medicare claims recited above, and the issue went to mediation, which was unsuccessful. Finally, however, the employer/carrier agreed to hold the claimant harmless against the Medicare claims. McCallum thereafter filed a motion for attorney's fees, seeking recovery from the employer/carrier for time expended in connection with the mediation and in securing the hold-harmless agreement. The judge of compensation claims denied the motion on January 23, 2007, concluding that she did not have jurisdiction to "adjudicate disputes arising from the Release Agreement" executed back in December 2003.
The judge of compensation claims erred as a matter of law. See, e.g., Cartaya v. Coastline Distrib., 937 So.2d 700 (Fla. 1st DCA 2006) (observing that the determination of the terms of a settlement agreement presents a question of law). Nothing in the settlement agreement precludes the judge of compensation claims from determining whether its terms required the employer/carrier to pay the amounts that Medicare sought from McCallum, and thus whether the employer/carrier failed to abide by the agreement. See, e.g., Cartaya v. Coastline Dist., 937 So.2d 700 (Fla. 1st DCA 2006); Czopek v. Great Chems., 778 So.2d 996 (Fla. 1st DCA 2000). We direct the judge of compensation claims on remand to determine the validity of McCallum's motion for attorney's fees.
REVERSED and REMANDED.
KAHN, PADOVANO, and HAWKES, JJ., concur.