PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) granting the Employer/Carrier’s (E/C’s) motion to dismiss his petitions for benefits (PFBs), and dismissing those PFBs with prejudice. The premise of the motion to dismiss is that the parties entered into a “global” settlement agreement — one for which the JCC had already approved the attorney’s fees as required by section 440.20(1l)(c), Florida Statutes — and thus that the E/C’s liability under the Workers’ Compensation Law had been released. Claimant readily admitted the existence of an agreement— the PFBs specified the claims therein were “according to the terms of the stipulation for lump sum settlement,” and incorporated by attachment the agreement — but argued that the benefits claimed were due under the particular terms of this agreement, and the agreement had not yet released the E/C because the E/C had not satisfied all sums due under the agreement.
By all appearances, the JCC concluded that, as a matter of law, the agreement released the E/C from all liability under chapter 440 because (as the parties concede) the agreement was entered into pursuant to section 440.20(ll)(a), Florida Statutes. We conclude that the JCC should have held an evidentiary hearing and considered the terms of the parties’ settlement agreement to determine if the terms of the agreement, in fact, released all of *1087 the E/C’s liability for the benefits now at issue. See McCallum v. Palm Beach County Sch. Dist., 969 So.2d 562 (Fla. 1st DCA 2007). On remand, the JCC shall review the terms of the agreement, and hold an evidentiary hearing to determine whether Claimant has waived or released the claims now at issue and whether the E/C has complied with the terms of the agreement.
REVERSED and REMANDED for further proceedings.
ROWE, SWANSON, and OSTERHAUS, JJ., concur.